IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

TERRY TYLER, )
)
      Petitioner, )
)
) CIV-11-210-M
v. )
)
PAUL A. KASTNER, Warden, )
)
      Respondent. )

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his Amended Petition filed March 24, 2010, Petitioner contends that the Bureau of Prisons ("BOP") has erroneously denied his request to be considered for pre-release transfer to a residential re-entry center ("RRC") pursuant to 18 U.S.C. §§ 3621(b) and 3624(c).[1] Respondent has responded to the Amended Petition, and Petitioner has filed a reply to the response. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the

---

[1] Title 18 U.S.C. § 3624(c) provides BOP with the discretion to transfer federal inmates to a residential re-entry center or community corrections center in the final twelve months of an inmate's sentence. According to documents attached to the Amended Petition, Petitioner was advised by his unit manager in August 2010 that his projected release date is December 31, 2024, and he was therefore not eligible for consideration for RRC placement at that time. Petitioner was further advised that he would be considered for RRC placement when he is within 17 to 19 months of his release date. Amended Petition, Ex. I, at 6.

1

following reasons, it is recommended that the Petition be dismissed with prejudice as the Court lacks jurisdiction over the matter.

In a previous 28 U.S.C. § 2241 proceeding filed in this Court in March 2010, Petitioner asserted that BOP had erroneously denied his request for consideration for pre-release transfer to a RRC. Terry Tyler v. Paul A. Kastner, Warden, Case No. CIV-10-293-M. At that time, Petitioner was in custody at the Federal Transfer Center ("FTC") in Oklahoma City, Oklahoma. In his Motion to Proceed In Forma Pauperis filed in that action on April 12, 2010, Petitioner indicated that he had been transferred from FTC to the Federal Correctional Center at Petersburg, Virginia ("FCC Petersburg"). Petitioner attached an Inmate Statement of his institutional account reflecting that he had been transferred from the Federal Transfer Center in Oklahoma City to FCC Petersburg on March 24, 2010. Petitioner's amended petition filed in that action on June 10, 2010, listed the same Virginia address. In an Order entered August 16, 2010, Chief United States District Judge Miles-LaGrange dismissed the action due to Petitioner's failure to exhaust available administrative remedies, and Judgment was entered accordingly. Petitioner did not appeal this decision.

Petitioner has now filed a second 28 U.S.C. § 2241 petition seeking the same relief as in his previous petition. In response to the Amended Petition, Respondent contends that this Court lacks jurisdiction to consider the merits of Petitioner's claim. Respondent's contention has merit.

At the time Petitioner filed this action, he was confined at FCC Petersburg. See Petition (Doc. # 1). Because 28 U.S.C. § 2241 authorizes federal prisoners to file a habeas

petition only in the district of his or her confinement, this Court lacks jurisdiction to consider the Petitioner's claims. See Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004)(for federal prisoners challenging their present physical confinement, § 2241 "jurisdiction lies in only one district: the district of confinement"); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)("A petition under . . . § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined."). Moreover, Warden Kastner is not the proper respondent in this action as Warden Kastner was not Petitioner's custodian at the time he filed this petition. See Padilla, 542 U.S. at 434-435 (under federal habeas statute, proper respondent is petitioner's custodian, who is generally the warden of the facility where the prisoner is being held); Harris v. Champion, 51 F.3d 901, 906 (10th Cir. 1995)("The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian."). Petitioner's custodian, the warden at FCC Petersburg, is outside the territorial jurisdiction of this Court. See Braden v. 30th Judicial Circuit Ct. of Ky., 410 U.S. 484, 495 (1973)(jurisdiction in habeas proceeding requires "that the court issuing the writ have jurisdiction over the [petitioner's] custodian"). Therefore, the action should be dismissed with prejudice for lack of jurisdiction.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be dismissed with prejudice for lack of jurisdiction. The parties are advised of their respective right to file an objection to this

Report and Recommendation with the Clerk of this Court by   June 13th  , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

    This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

    ENTERED this   23rd   day of   May  , 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE